## BARNETT *vs*. THE STATE.

### [MOTION TO DISMISS APPEAL.]

1. *Sufficiency of appeal bond.*—An appeal bond, conditioned that, " if said judgment should be affirmed," and the appellant should pay the appellee " the damages and costs he may sustain by said appeal," then said bond to be void, &c., is not a sufficient security for the costs of the appeal.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. ROBT. DOUGHERTY.

TIHS was a motion, in the name of the State of Alabama, for the use of William Long, against Thomas H. Burch, late clerk of said circuit court of Russell county, and the sureties on his official bond, " for the failure of said Burch to pay over money collected by him on witness-certificates." The court rendered judgment against all the defendants, for $38 85; from which judgment an appeal was sued out by William E. Barnett, one of the defendants, who had reserved several exceptions to the rulings of the court on the hearing of the motion. The appeal bond is in the penalty of $77 70, and conditioned as follows : "Now, if the said judgment should be affirmed, and said W. E. Barnett pay said Long the damages and costs he may sustain by said appeal, then this obligation to be void," &c. On these facts, the appellee's counsel submitted a motion to dismiss the appeal, on account of the insufficiency of the appeal bond.

WATTS, JUDGE & JACKSON, for the motion.

BARNETT & PHILLIPS, *contra*.

A. J. WALKER, C. J.—The appeal in this case must be dismissed. The bond is a security for such costs only as the appellee may sustain. If the judgment should be affirmed, the appellee certainly does not sustain all the costs. Therefore, in the event of an affirmance, there is no security for all the costs.—Hinson v. Preslor, 27 Ala. 643 ; Walker v. Hunter, at the last term.